**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DRAEGER MEDICAL SYSTEMS, INC.,<br><br>　　　　　　　　Plaintiff<br><br>　　　v.<br><br>MY HEALTH, INC.,<br><br>　　　　　　　　Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Draeger Medical Systems, Inc. ("Draeger Medical") hereby asserts the following claims against Defendant My Health, Inc. ("My Health"), a Delaware corporation and alleges as follows:

**NATURE OF THE ACTION**

1.　This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.* and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* Draeger Medical seeks a declaration of non-infringement and invalidity of U.S. Patent No. 6,612,985 B2 ("the '985 Patent"). A true and correct copy of the '985 Patent is attached hereto as Exhibit A.

**THE PARTIES**

2.　Plaintiff Draeger Medical is a Delaware corporation with operations in Andover, Massachusetts and Telford, Pennsylvania. Its principal place of business is located at 3135 Quarry Road, Telford, PA 18969.

3. Upon information and belief, Defendant My Health is a Delaware corporation duly organized and existing under the laws of the State of Delaware with offices at 7001 W. Parker Road, Suite 431, Plano, Texas 75093.

## JURISDICTION AND VENUE

4. Upon information and belief, Defendant My Health is a Delaware corporation and has a registered agent with the State: National Corporate Research, Ltd., located at 615 S. DuPont Highway, Dover, Delaware 19901.

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Defendant My Health is subject to personal jurisdiction in this judicial district because, upon information and belief, it is a Delaware corporation and regularly conducts business in the State of Delaware and in this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 because, upon information and belief, My Health is a corporation organized and existing under the laws of the State of Delaware and resides in this judicial district pursuant to § 1391(c).

## BACKGROUND

8. Draeger Medical, through its Draeger Infinity M300 patient engagement product, provides diagnostic ambulatory devices that help patients self-manage and improve their health through technology.

9.  On or about February 19, 2015 (the "February 19 Correspondence"), Patent Licensing Alliance ("PLA"), acting on behalf of My Health, sent a letter to Draeger Medical regarding the '985 patent that stated: "Your Infinity M300 system employs the technology claimed and disclosed in United States Patent 6,612,985."

10. The February 19 Correspondence further asserted that "[o]ur research group and legal team have thoroughly reviewed the Infinity M300 system and believe that it utilizes the technology claimed and disclosed in the ['985 Patent]" and that "[t]he Patent requires a license if you intend to continue to sell these products."

11. My Health attached a claim chart to the February 19 Correspondence that purported to outline My Health's contentions of Draeger Medical's alleged infringement.

12. The February 19 Correspondence further stated that "Because of . . . ever increasing instances of improper use without a license, My Health has been enforcing its intellectual property rights." Further, My Health expressly reserved "the right to seek damages anytime within the last 6 years."

13. Upon information and belief, between 2012 and the present, My Health has filed complaints in litigations against no fewer than twenty-four other companies involved in the health care industry, alleging infringement of the '985 Patent. These cases include: *My Health, Inc. v. CardioNet, Inc.*, C.A. No. 2:14-CV-00681 (E.D. Tex.); *My Health, Inc. v. Biotronik, Inc.*, C.A. No. 2:14-CV-00680 (E.D. Tex.); *My Health, Inc. v. Tandem Diabetes Care, Inc.*, C.A. No. 2:14-CV-00684 (E.D. Tex.); *My Health, Inc. v. Health Dialog, Inc.*, C.A. No. 2:14-CV-00682 (E.D. Tex.); *My Health, Inc. v. LifeScan, Inc.*, C.A. No. 2:14-CV-00683 (E.D. Tex.); *My Health, Inc. v. Tunstall Healthcare USA, Inc.*, C.A. No. 2:14-CV-00685 (E.D. Tex.); *My Health, Inc. v. Pleio Health Support Systems, Inc.*, C.A. No. 2:14-CV-00661 (E.D. Tex.); *My Health, Inc. v.*

*Sotera Wireless, Inc.,* C.A. No. 2:14-CV-00663 (E.D. Tex.); *My Health, Inc. v. Robert Bosch Healthcare Systems, Inc.,* C.A. No. 2:14-CV-00662 (E.D. Tex.); *My Health, Inc. v. Vivify Health, Inc.,* C.A. No. 2:14-CV-00664 (E.D. Tex.); *My Health, Inc. v. Nonin Medical, Inc.,* C.A. No. 2:14-CV-00660 (E.D. Tex.); *My Health, Inc. v. BodyMedia, Inc.,* C.A. No. 2:14-CV-00653 (E.D. Tex.); *My Health, Inc. v. Alere, Inc.,* C.A. No. 2:14-CV-00652 (E.D. Tex.); *My Health, Inc. v. Cardiomedix, Inc.,* C.A. No. 2:14-CV-00654 (E.D. Tex.); *My Health, Inc. v. Entra Health Systems, LLC,* C.A. No. 2:14-CV-00657 (E.D. Tex.); *My Health, Inc. v. Healthrageous, Inc.,* C.A. No. 2:14-CV-00658 (E.D. Tex.); *My Health, Inc. v. Confidant Hawaii, LLC,* C.A. No. 2:14-CV-00655 (E.D. Tex.); *My Health, Inc. v. Medisana AG,* C.A. No. 2:14-CV-00659 (E.D. Tex.); *My Health, Inc. v. Philips Medical Systems North America, Inc.,* C.A. No. 2:13-CV-00140 (E.D. Tex.); *My Health, Inc. v. GenerationOne, Inc.,* C.A. No. 2:13-CV-00138 (E.D. Tex.); *My Health, Inc. v. Click4Care, Inc.,* C.A. No. 2:13-CV-00137 (E.D. Tex.); *My Health, Inc. v. CardioCom, LLC,* C.A. No. 2:13-CV-00136 (E.D. Tex.); *My Health, Inc. v. Honeywell HomMed, LLC,* C.A. No. 2:13-CV-00139 (E.D. Tex.); and *My Health, Inc. v. ZeOmega, Inc.,* C.A. No. 2:12-CV-00251 (E.D. Tex.).

14. Additionally, upon information and belief, after receiving letters similar to PLA's February 19 Correspondence to Draeger Medical, five other companies involved in the health care industry filed declaratory judgment actions in this and other judicial districts, seeking declarations of non-infringement and/or invalidity of the '985 Patent. These cases include: *Voxiva, Inc. v. My Health, Inc.,* C.A. No. 1:14-CV-00910-RGA (D. Del.); *Authentidate Holding Corp. v. My Health, Inc.,* C.A. No. 1:13-CV-01616-RGA (D. Del.); *Fitango, Inc. v. My Health, Inc.,* C.A. No. 1:14-CV-01085-RGA (D. Del.); *Allscripts Healthcare Solutions, Inc. v. My Health, Inc.,* C.A. No. 1:14-CV-01436-RGA (D. Del.); *HealthLoop, Inc. v. My Health, Inc.,* C.A.

No. 3:15-CV-00671 (N.D. CA); and *Medecision, Inc. v. My Health, Inc.*, C.A. No. 3:15-CV-00726-P (N.D. Tex.).

15. My Health's February 19 Correspondence, the numerous litigations filed, and the claims made by My Health over the past three years alleging infringement of the '985 Patent created a reasonable apprehension and substantial likelihood that, if Draeger Medical does not pay and agree to enter into a license with My Health, My Health will sue Draeger Medical for the alleged infringement of the '985 Patent.

## THE PATENT-IN-SUIT

16. The '985 Patent, entitled "Method and System for Monitoring and Treating a Patient," issued on September 2, 2003, from U.S. Patent Application No. 09/793,191 filed February 26, 2001.

17. Upon information and belief, on or about April 23, 2001, the listed inventors Michael E. Eiffert and Lisa C. Schwartz, assigned their interests to the University of Rochester.

18. Upon information and belief, on or about April 1, 2014, the University of Rochester assigned its interest in the '985 Patent to My Health. Upon information and belief, between 2012 and April 1, 2014, My Health was the exclusive licensee of the '985 Patent.

## CLAIM 1 — DECLARATION OF NON-INFRINGEMENT

19. Paragraphs 1 through 18 above are incorporated by reference as though fully stated herein.

20. My Health has alleged that Draeger Medical, at least through its manufacture, use, offers to sell, or sales of the Infinity M300 system, is infringing the '985 Patent without authorization.

21.     Draeger Medical has not infringed and does not directly or indirectly infringe any claim of the '985 Patent, either literally or under the doctrine of equivalents.

22.     Particularly viewed in the light of My Health's litigious history, the allegations of infringement against Draeger Medical have created a substantial, immediate and real controversy between the parties as to the non-infringement of the '985 Patent.  A valid and justiciable controversy has arisen and exists between Draeger Medical and My Health within the meaning of 28 U.S.C. § 2201.

23.     A judicial determination of non-infringement is necessary and appropriate so that Draeger Medical may ascertain its rights regarding the '985 Patent.

### CLAIM 2 — DECLARATION OF INVALIDITY

24.     Paragraphs 1 through 23 above are incorporated by reference as though fully stated herein.

25.     My Health has alleged that Draeger Medical is infringing the '985 Patent without authorization.

26.     One or more claims of the '985 patent are invalid because they fail to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.  In particular, the '985 patent is invalid under 35 U.S.C. § 102 as anticipated by U.S. Patent No. 6,126,596 to Freedman and invalid under 35 U.S.C. § 103 as obvious over U.S. Patent No. 6,126,596 to Freedman in view of U.S. Patent No. 6,024,699 to Surwit, World Intellectual Property Organization Publication No. WO 99/04043 to Caple, and World Intellectual Property Organization Publication No. WO 98/58338 to Graham.

27. Particularly viewed in the light of My Health's litigious history, the allegations of infringement against Draeger Medical have created a substantial, immediate and real controversy between the parties as to the invalidity of the '985 Patent. A valid and justiciable controversy has arisen and exists between Draeger Medical and My Health within the meaning of 28 U.S.C. § 2201.

28. A judicial determination of invalidity is necessary and appropriate so that Draeger Medical may ascertain its rights regarding the '985 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Draeger Medical prays for a declaration from this Court and judgment as follows:

A. That Draeger Medical does not infringe any claims of the '985 Patent;

B. That the '985 Patent is invalid and unenforceable;

C. That this is an exceptional case within the meaning of 35 U.S.C. § 285; and

D. Such other and further relief as this Court deems just, reasonable and proper.

## JURY DEMAND

Draeger Medical demands a trial by jury on all issues presented in this Complaint.

Dated: March 19, 2015

 */s/ Denise S. Kraft*
Denise S. Kraft (DE No. 2778)
Brian A. Biggs (DE No. 5591)
**DLA Piper LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile:  (302) 394-2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Plaintiff*
*Draeger Medical Systems, Inc.*